UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
OMAR TRIPLETT, a/k/a NAFTALI TRIPLETT,

               Petitioner,               **MEMORANDUM & ORDER**

       v.                                                   No. 21-CV-01058 (RPK)

P. REARDON,

               Respondent.
-----------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Petitioner Omar Triplett is serving a state prison sentence after being convicted of second-degree murder in New York state court. Petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2254. As explained below, the petition is denied because petitioner's claims are time-barred.

## BACKGROUND

      The following facts are taken from the state court record, viewed in the light most favorable to the prosecution. *See McDaniel v. Brown*, 558 U.S. 120, 133 (2010).

      In 2000, petitioner was charged in Kings County, New York, with the second-degree murder of Paul Farrell. *See* Aff. of Michael Bierce ("Bierce Aff.") (Dkt. #10), Ex. L ("First Sec. 440 Ct. Order") 1 (Dkt. #10-13).

      The case proceeded to a jury trial in 2002. *Id.* at 2–3. At trial, Canadian customs officers testified to stopping petitioner at the U.S.-Canadian border a few weeks after Ferrell's death. Bierce Aff., Ex. C ("Trial Tr.") 182 (Dkt. #10-4). The officers searched petitioner and recovered a knife sharpener, a samurai sword, a hunting knife, and a throwing knife. *Id.* at 216–22. The officers also obtained petitioner's journals. *Id.* at 224. In those journals, petitioner wrote of plans to "off" another person *Id.* at 119. He also wrote that he "did this job" and "must flee quickly."

1

*Id.* at 129.  In addition, Ferrell's work supervisor testified to seeing Farrell, in the week prior to Farrell's death, first with a sword and then with a man who matched petitioner's description.  *See id.* at 197–202.  Finally, a medical examiner testified that human or animal blood was present on the hunting knife recovered from petitioner but that there was not enough blood present to extract DNA.  *Id.* at 170–72.

The jury convicted petitioner of second-degree murder.  First Sec. 440 Ct. Order 2–3.  On May 16, 2002, petitioner was sentenced to twenty-five years in prison.  *Id.* at 3.  Petitioner alleges that his appellate counsel withdrew his direct appeal of his conviction, though there is no record of any direct appeal being filed.  *See* Pet'r's Resp. to Order to Show Cause ("Pet'r's OTSC Resp.") 17 (Dkt. #8); First Sec. 440 Ct. Order 3.

Petitioner filed two *pro se* motions to vacate his conviction under New York Criminal Procedure Law § 440.10.  *See* Bierce Aff., Ex. I ("First Sec. 440 Mot.") (Dkt. #10-10); Bierce Aff., Ex. N ("Second Sec. 440 Mot.") (Dkt. #10-15).  Petitioner filed his first Section 440 motion in 2008.  As relevant here, the first motion alleged that (i) trial counsel rendered ineffective assistance by failing to challenge petitioner's fitness to stand trial and failing to appeal the judgment of conviction; (ii) the prosecution knowingly presented perjured testimony, and (iii) the evidence against him was legally insufficient because no DNA from the victim was found on the murder weapon.  First Sec. 440 Mot. 7–10 (ECF pagination).

The Section 440 court denied petitioner's motion, concluding that petitioner's claims were either procedurally barred or meritless.  *See* First Sec. 440 Ct. Order 3–4.  Petitioner did not appeal the denial of his first Section 440 motion.  *See* Pet. ¶ 11(d) (Dkt. #1).

Petitioner filed his second Section 440 motion in 2018.  As relevant here, the second motion alleged that (i) trial counsel rendered ineffective assistance by failing to raise several affirmative

2

defenses, (ii) newly discovered evidence showed that former District Attorney ("DA") Charles Hynes instructed detectives to fabricate and plant evidence used against petitioner at trial, (iii) the evidence against petitioner was legally insufficient because no DNA evidence linked him to the murder, and (iv) petitioner's DNA "prove[d]" he "could not possibly have killed anyone" because it was a "hea[ling] factor."  Second Sec. 440 Mot. 2–3.

The Section 440 court again denied petitioner's motion on the grounds that the claims were either procedurally barred or without merit.  Bierce Aff., Ex. P ("Second Sec. 440 Ct. Order") 4–5, 7 (Dkt. #10-17).  Petitioner requested an extension of the deadline to appeal the Section 440 court's order, which the Appellate Division granted.  Bierce Aff., Ex. T ("App. Div. Order Granting Ext.") (Dkt. #10-21).  But after petitioner missed the extended deadline, the Appellate Division denied his second extension request in 2019.  Bierce Aff., Ex. U ("App. Div. Order Denying Ext.") (Dkt. #10-22).  Later in 2019, the New York Court of Appeals denied petitioner's subsequent request for leave to appeal the Appellate Division's denial of a second extension.  Bierce Aff., Ex. Z ("Ct. of App. Order") (Dkt. #10-27).

Petitioner presented this federal habeas petition to prison officials for filing on February 7, 2021.  *See* Pet. 14.  The petition raises four claims: (i) newly discovered evidence shows that DA Hynes "fabricat[ed] evidence, [e]licit[ed] false testimony, [and] us[ed] . . . illegal tactic[s], *id.* at 6; (ii) the evidence at trial was insufficient to support a conviction because "there[] [was] no DNA blood match on the knife," *id.* at 7; (iii) trial and appellate counsel rendered ineffective assistance of counsel, *id.* at 9; and (iv) it was "[i]mpossib[le]" for him to "kill[] someone since [his] DNA blood is proven to heal [and] not kill," *id.* at 10.

I ordered petitioner to show cause why the petition should not be dismissed as time-barred, and petitioner filed a response.  *See* Order to Show Cause (Dkt. #6); Pet'r's OTSC Resp.  I

3

then ordered respondent to show cause why the petition should not be granted, and respondent filed a response. *See* Oct. 10, 2021, Order; Resp't's Mem. of L. in Opp'n ("Resp't's Opp'n") (Dkt. #10-1).

## DISCUSSION

The habeas petition is time-barred. Petitioner's conviction became final in 2002, and his newly-discovered-evidence claim does not render this petition timely.

### I. The Statute of Limitations

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). AEDPA provides that the limitation period shall run from the latest of:

A. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). If a "properly filed" application for State post-conviction or other collateral review of the judgment of conviction was "pending" at any time during that one-year period, the time during which that application was pending does not count toward the one-year period. *Id.* § 2244(d)(2).

Section 2244(d)(1)(A) "provides one means of calculating the limitation with regard to the 'application' as a whole," based on the date of the final judgment. *Pace v. DiGuglielmo*, 544 U.S.

4

408, 416 n.6 (2005). In contrast, the "three other[]" portions of Section 2244(d)(1), "[Section] 2244(d)(1)(B) (governmental interference); [Section] 2244(d)(1)(C) (new right made retroactive); [and Section] 2244(d)(1)(D) (new factual predicate)," "require claim-by-claim consideration." *Ibid.*; *see Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."). Following the "claim-by-claim approach," *Clemente v. Lee*, 72 F.4th 466, 471 (2d Cir. 2023), I first assess the timeliness of petitioner's application as a whole under Section 2244(d)(1)(A), including petitioner's claim that his petition is timely based on equitable tolling, *see* Pet'r's OTSC Resp. 18–19. I then independently assess petitioner's argument that his claim based on newly discovered evidence is timely under Section 2244(d)(1)(D). *See* Pet'r's OTSC Resp. 10–11.

## II. The Petition Is Untimely

Petitioner's application as a whole is untimely under Section 2244(d)(1)(A), and petitioner has not demonstrated that his newly-discovered-evidence claim is timely using the alternative method for calculating the statute of limitations for certain newly discovered claims under Section 2244(d)(1)(D).

### A. The Petition Is Not Timely Under Section 2244(d)(1)(A)

The petition is not timely under Section 2244(d)(1)(A) because petitioner did not seek federal habeas relief within a year of his conviction becoming final and neither statutory nor equitable tolling applies.

Under New York law, petitioner's conviction became final on June 17, 2002. That is because in New York, the conviction of a defendant who fails to file a direct appeal becomes final 30 days after the imposition of the sentence—when the time for filing a direct appeal expires. *See,*

5

*e.g.*, *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); N.Y. Crim. Proc. L. § 460.10(1). Because petitioner was sentenced on May 16, 2002, and did not file a direct appeal, *see* First Sec. 440 Ct. Order 3, his conviction became final when his 30-day appeal window expired on June 17, 2002. Yet petitioner did not file a petition within one year of that date; instead, he waited until February 7, 2021, to provide his petition to prison officials for filing. *See* Pet. 14.

Petitioner is not entitled to statutory tolling as to any portion of the one-year limitations period under Section 2244(d)(1)(A). In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). This tolling provision "stops . . . the clock from ticking" during the period in which a properly filed post-conviction motion is under submission, but it "cannot revive a time period that has already expired." *Evans v. Senkowski*, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Statutory tolling therefore has no relevance, since petitioner's 2009 and 2018 post-conviction motions were filed long after the statute of limitations for those claims had expired.

Nor has petitioner established that his application is entitled to equitable tolling. A "petitioner bears the burden of proving that equitable tolling is appropriate." *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)). To do so, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citation omitted); *see Harper v. Ercole*, 648 F.3d 132, 136–38 (2d Cir. 2011). There is a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363

6

(2d Cir. 2011).  Moreover, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner has not set forth sufficient facts to establish that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing.  Petitioner first suggests he was delayed in filing his petition because, at petitioner's request, his appellate counsel withdrew his direct appeal of his conviction without explaining the "adverse effects" of doing so.  Pet'r's OTSC Resp. 17; *see* Pet. 14.  Equitable tolling is unwarranted on that basis, however, because petitioner has not explained how his counsel's withdrawal of his direct appeal prevented him from timely filing a federal habeas petition.  *See Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) ("Even where the extraordinary circumstances on which the petitioner rests his claim involve attorney incompetence, the petitioner must still demonstrate that he himself made reasonably diligent attempts to ensure that his petition was filed on time."); *see also, e.g.*, *M.P. v. Perlman*, 269 F. Supp. 2d 36, 39 (E.D.N.Y. 2003) (holding that "appellate counsel's failure to obey [petitioner's] directive to file a leave request" did not warrant equitable tolling "since counsel's alleged ineffectiveness did not interfere with petitioner's timely filing of a habeas application").

Petitioner next suggests that his "extreme depression" as a result of the "war against Iraq [in] 2003" prevented him from timely filing a petition.  Pet. 14; *see* Pet'r's OTSC Resp. 15–16.  "The burden of demonstrating the appropriateness of tolling for mental illness lies with the [petitioner]." *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010).  To do so, the petitioner must provide "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Boos v. Runyon*, 201 F.3d

7

178, 185 (2d Cir. 2000). Because petitioner has failed to provide such a description, his "conclusory and vague claim" of extreme depression "is manifestly insufficient to justify any further inquiry into tolling." *Ibid.*

Finally, petitioner asserts that several events occurring after the one-year limitations period expired in 2003 prevented him from pursuing his rights diligently. Namely, petitioner alleges (i) that corrections officers assaulted him and destroyed his "legal work and papers" in 2006, Pet'r's OTSC Resp. 2, (ii) that he suffered a "psychological breakdown" in 2009, Pet. 14, (iii) that he had to withdraw his first Section 440 motion because, sometime after 2011, a "jailhouse . . . gang wanted to do bodily harm to [him]," Pet'r's OTSC Resp. 3, (iv) that he was "out of commission" from 2014 to 2017 after receiving "psychotropic medication," *id.* at 11, and (v) that corrections officers assaulted him again in 2023, Pet'r's Letter 1 (Dkt. #21). Because those events all occurred after the limitations period expired, petitioner cannot "demonstrate a causal relationship" between them and "the lateness of his filing." *Valverde*, 224 F.3d at 134; *see, e.g.*, *Garcia v. Graham*, No. 15-CV-1606 (LTS) (HBP), 2016 WL 11483852, at *5 (S.D.N.Y. Mar. 15, 2016) (concluding that there was "no 'causal relationship' between" an event that occurred "seven years after the statute of limitations ran under the AEDPA" and petitioner's "failure to file his petition").

Because petitioner has not demonstrated that equitable tolling is warranted, the limitations period under Section 2244(d)(1)(A) expired on June 17, 2003—one year after his conviction became final.

### B. Petitioner's Newly-Discovered-Evidence Claim Is Not Timely Under Section 2244(d)(1)(D)

Petitioner contends that his newly-discovered-evidence claim is nevertheless timely under Section 2244(d)(1)(D), which permits a claim to be brought within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the

8

exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see* Pet'r's OTSC Resp. 10. Specifically, petitioner alleges that, in 2014, he discovered that DA Hynes had been investigated for tampering with evidence and coercing witnesses. Pet'r's OTSC Resp. 10. And he further alleges that he was unable to act on that evidence until 2017 because he was "p[sy]chotropically medicated" and "out of commission for two years." *Id.* at 11.

That theory cannot render timely petitioner's claim based on newly discovered evidence. Assuming *arguendo* that petitioner could not have discovered DA Hynes' alleged misconduct before 2014 and that his psychiatric treatment warrants equitable tolling through 2017, petitioner's newly-discovered-evidence claim may have been subject to statutory tolling. Petitioner filed his second Section 440 motion in 2018, and statutory tolling applies while a postconviction motion is "pending." 28 U.S.C. § 2244(d)(2). Even so, petitioner's newly-discovered-evidence claim would be untimely. A postconviction motion is "pending" only until "further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999). Statutory tolling of petitioner's newly-discovered-evidence claim would therefore have ended sometime in 2019—when the deadline for petitioner to appeal the denial of his Section 440 motion expired. *See supra* p. 3. As a result, even if no part of the one-year limitations period elapsed before statutory tolling ended in 2019, the limitations period would still have expired sometime in 2020. Yet petitioner did not present his petition to prison officials for filing until 2021. *See* Pet. 14. Petitioner's newly-discovered-evidence claim is accordingly untimely under Section 2244(d)(1)(D).

In sum, petitioner's application as a whole is untimely under Section 2244(d)(1)(A), and his newly-discovered-evidence-claim is not timely under Section 2244(d)(1)(D).

## CONCLUSION

Petitioner's application for a writ of habeas corpus is denied because it is time-barred. And because petitioner has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)), a certificate of appealability under 28 U.S.C. § 2253(c)(2) is also denied. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: June 10, 2024
       Brooklyn, New York